

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor
Austin, Texas

Dear Sir:

> Opinion No. O-1169
> Re:  Fees of Tax Assessor-Collector
> serving one-half year in
> county under twenty thousand
> population, compensated on an-
> nual fee basis.

Your letter of July 21st., wherein you refer to
this department a request for an opinion from Honorable
Jean Rodgers, County Attorney, Hardeman County, Texas, by
letter under date of July 20th and enclosed therewith,
has received our attention.

In answering this request, permit us to set forth
substantially the salient facts as contained in the County
Attorney's letter addressed to you under the above date:

Hardeman County Tax Assessor-Collector is
a fee officer in a county under twenty thousand
population. During the year 1938, W. E. Meek
was elected Tax Assessor-Collector of Hardeman
County, Texas, for the term 1939-40. He took
office and remained in office until on or about
the first of July, 1939, at which time he tender-
ed his resignation to the Commissioners Court.
On the 10th day of July, 1939, the Commissioners
Court appointed another Tax Assessor-Collector
who has duly qualified. During the first half
of the year 1939 W. E. Meek remained in office
most of the fees of office were collected or due
from collections made. Also the assessments
were made during that time but upon the successor
to W. E. Meek will fall the duty of making the
assessment rolls.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In the light of the above facts, the following questions are asked, which we will endeavor to answer as if stated as a single question:

1. "To what amount of fees is W. E. Meek entitled to since he has only served one-half year? What amount of fees is the new Tax Assessor-Collector entitled to receive for the last half of the year?"

2. "What fees would W. E. Meek be entitled to out of these State assessment fees, and what fees would his successor, L'Myra Odell, be entitled to out of State assessment fees?"

Each county officer is required by law, Article 3897 as amended, Revised Civil Statutes of 1925, to file a sworn statement at the close of each fiscal year (December 31st).

The material portions of Articles 3897 and 3898 R. C. S., 1925, as amended, hereinafter set forth, are to be construed together and are applicable to officers mentioned in the Maximum Fee Bill Statutes.

"Article 3897. Sworn statement. Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with

the name of the party owing said fees, commissions
and compensations. Said report shall be filed not
later than February 1st following the close of the
fiscal year and for each day after said date that
said report remains not filed, said officer shall
be liable to a penalty of Twenty Five ($25.00)
Dollars, which may be recovered by the county in a
suit brought for such purposes, and in addition
said officer shall be subject to removal from of-
fice.

"Article 3896. Fiscal year. The fiscal year,
within the meaning of this Act, shall begin on
January 1st of each year; and each district,
county and precinct officer shall file his report
and make the final settlement required in this
Act not later than February 1st. of each year;...
Whenever such officer serves for a fractional
part of the fiscal year, he shall nevertheless
file his report and make final settlement for
such part of the year as he serves and shall be
entitled to such proportionate part of his com-
pensation as the time for his service bears to
the entire year."

It appears to be the settled policy of the law
that compensation allowed the Tax Assessor-Collector and
authorized by law for his services is to be determined on
an annual basis. Where he serves only a fractional part
of the year for which a yearly maximum compensation is al-
lowed his office, though he has collected and by virtue
of his office, earned the full year's maximum, he cannot
be allowed to retain any greater portion of that part of
the total annual maximum compensation which his term of
office in proportion bears to the "fiscal year." Such
officer is entitled to receive his proportional part of
the annual net earnings, and that regardless of the
amount earned during his tenure of office, for such
fractional part of the year during which he served.

It is, therefore, the opinion of this depart-
ment that a County Tax-Assessor-Collector compensated on an
annual fee basis, and who resigns during any fiscal year,
is required, by the provisions of Article 3896, R. C. S.,
1925, as amended, to file his annual report and make final
settlement with the county. The combined annual reports of
such Tax Assessor-Collector and his successor are to be taken

308

in determining the total annual maximum and excess fees allowed said officers, not to exceed the amount authorized by law. As determined by such final settlements, each officer may be paid or retain only that proportional part of the combined net earnings as his time of service as Tax Assessor-Collector bears to the entire fiscal year.

Trusting the above answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

Wm.K-MR

APPROVED AUG 26, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN